**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE DIVISION**

**MCKAY CREWS, on**
**behalf of herself and**
**others similarly situated,**

      **Plaintiff**


**v.**                                          **Civil Action No.**


**PARAMOUNT RECOVERY**
**SYSTEMS**



                                           **Complaint**

                                           **and;**

                                           **Demand for Jury Trial**

      **Defendant**

---

### CLASS ACTION COMPLAINT

Plaintiff, McKay Crews (hereinafter, "Plaintiff"), a Louisiana resident, brings this

Class Action Complaint by and through the undersigned attorney, against Defendant

Paramount Recovery Systems (hereinafter "Defendant" or "Paramount"), individually and

on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules

of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for

allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal

knowledge.

## PRELIMINARY STATEMENT

1.      This is an action for statutory and punitive damages, costs, and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*, and for damages, and declaratory and injunctive relief under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2.      Consumer reporting agencies ("CRAs") are companies that collect, compile, and provide information about consumers in the form of consumer reports for certain permissible statutory purposes under the FCRA. The three largest CRAs are Experian, Equifax, and TransUnion, who maintain credit files on approximately 200 million U.S. consumers and receive information from approximately 10,000 furnishers, such as creditors, lenders, and debt collection agencies.

3.      Credit reports play an increasingly important role in the lives of consumers. Most creditors, for example, review these reports to make decisions about whether to extend credit to consumers and what terms and conditions to offer them. As such, information contained in these reports affects whether a person is able to get a private education loan, pay for college costs, secure a mortgage loan to buy a home, or obtain a credit card. Credit reports are also increasingly used for many noncredit decisions, including by landlords to determine whether to rent an apartment or home to a prospective tenant and by employers to decide whether to hire potential job applicants or to offer a promotion to existing employees.

4.      As such, CRAs have a statutory obligation to verify independently the accuracy and completeness of information included in the credit reports they provide.

5.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

6.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

7.      The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

8.      This is a class action brought on behalf of those consumers whose Experian and Trans Union credit reports contain false, misleading, and inaccurate information provided by Paramount. Defendant Paramount, a Texas-based medical debt collection company, willfully engages in the collection of debts against minors and reports those debts

on Experian and Trans Union consumer credit reports causing third parties who review

such credit reports to believe that the minor is responsible for the debt.

9.      Paramount willfully fails to conduct appropriate investigations of the

accuracy of information following a dispute initiated by a consumer, as required by the

FCRA.

## JURISIDICTION AND VENUE

10.     Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), 15 U.S.C.

1692k(d), and 28 U.S.C. §1331.

11.     Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because

defendant in this matter resides in the state of Louisiana as defined under 28 U.S.C. §1391

(c)(2).

## PARTIES

12.     Plaintiff is a natural person and a resident and citizen of the State of

Louisiana of the United States of America.  Plaintiff is a "consumer" as that term is defined

by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692(a)(3).

13.     Defendant, PARAMOUNT RECOVERY SYSTEMS, (hereinafter

"Paramount"), is a "debt collector", as defined by 15 U.S.C §1692a(6) and is engaged in

the business with the purpose of which is the collection of debts, or who regularly collects

or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another. Defendant is currently doing business in and collecting debts in Louisiana.

Defendant is also a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who

regularly and in the ordinary course of business furnishes credit information to one or more

consumer reporting agencies about consumer transactions. Defendant is actively conducting business in Louisiana.

## FACTUAL ALLEGATIONS

14.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

15.     Plaintiff disputed information regarding the Paramount account on her Experian and Transunion reports with two separate, but virtually identical, dispute letters to Transunion and Experian, disputing the fact that the Paramount account number MACSPR was from a medical bill incurred while she was under the age of 18 years old and a non-emancipated minor.

16.     Plaintiff received the results from her dispute regarding the Paramount account. Experian verified the Paramount Account number MACSPR.

17.     Paramount did not provide a reasonable, good faith investigation into the Paramount account number MACSPR.

18.     Additionally, Plaintiff's Experian report dated October 3, 2019 list her year of birth as 1999 and thus shows Experian's own records had plaintiff as being 17 years old or younger when the debt in PARAMOUNT account MACSPR was incurred.

19.     Paramount is reporting an account of Plaintiff's that she was never legally responsible for and is thus providing credit information that they know or should know is inaccurate and misleading.

20.     To the best of Plaintiff's knowledge, Paramount is still falsely and misleadingly reporting the character and/or legal status of Paramount account number MACSPR due to the fact Plaintiff has never had any legal liability for said account. The

responsibility for this debt was that of her parents, both of whom were alive and well at the time these debts were incurred.

21.    Additionally, Plaintiff's account was for a medical bill and the original creditor, DR. ELIZABETH CLEMONS, would have had access to Plaintiff's birth year and known she was incapable of being liable for the debt as an unemancipated minor.

22.    Paramount account number MACSPR is not only inaccurate but also misleading, which the Fifth Circuit has addressed. The Fifth Circuit ruled that even a technical accuracy can be so misleading to the point that it is no longer accurate. *See Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988) (A consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions.").

23.    Paramount did not conduct a good faith and reasonable investigation and did not delete the account and EXPERIAN continued to report the inaccurate information.

24.    The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  This information was furnished by Paramount and reported by EXPERIAN, misrepresenting the ownership of the underlying debt of this account, and is currently being reported and is reflected on Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.

25.    Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit

grantors and extenders of credit, and the inaccurate information furnished by Paramount

and reported by EXPERIAN and is continuing to damage the Plaintiff's credit rating.

26.     As a result of the conduct of Paramount, Plaintiff has suffered actual

damages all to Plaintiff's great detriment and loss.

27.     At all times pertinent hereto, Defendant Paramount was acting by and

through its agents, servants, and/or employees who were acting within the course and scope

of their agency or employment, and under the direct supervision and control of the

Defendant herein.

28.     At all times pertinent hereto, the conduct of the Defendant, as well as that

of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and

in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action and seek to certify and maintain it as a class

action under Fed. R. Civ. P. Rule 23(a), (b)(2), and/or (b)(3) on behalf of herself and the

class and subclass defined as:

Class Against Defendant Paramount:

> All consumers in Louisiana that Defendant Paramount attempted to collect
> a debt from when that debt was incurred prior to the non-emancipated
> consumers' eighteenth birthdays.

Subclass Against Defendant Paramount:

> All consumers in the previously defined class that Defendant Paramount
> reported the above-described debt to Experian that the subclass member
> disputed the underlying debt with Experian and was verified by Defendant
> Paramount.

30.     The class and subclass are so numerous that joinder of all members is

impracticable. Upon information and belief, there are thousands of class members.

31.     There are questions of law and fact, common to the class and subclass, which predominate over any questions affecting only individual class and subclass members. The principal questions are whether Defendant's conduct in connection with collecting a debt incurred by an underage and unemancipated minor in Louisiana and reporting that debt to Experian violates the FDCPA and the FCRA.

32.     Upon information and belief, the identity of class and subclass members can be determined from Defendant's records.

33.     Plaintiff's claims are typical of the claims of the class and subclass and arise from the same course of conduct by Defendant. The relief Plaintiffs seek is typical of the relief sought for absent class and subclass members.

34.     Plaintiff will fairly and adequately represent and protect the interests of the class and subclass. Plaintiff has retained counsel with substantial experience in prosecuting consumer class actions.

35.     Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the class and subclass and have the financial resources to do so. Neither Plaintiff nor her counsel have interests adverse to those of the class and subclass.

36.     This action satisfies the requirements of Fed. R. Civ. P. 23(b)(3), because a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The common questions of law and of fact regarding Defendant's conduct and responsibility predominate over any questions affecting only individual class and subclass members.

37.     The conduct of this action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more

8

effectively protects the rights of each class and subclass member than would piecemeal litigation. Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the Court, and the public in this Court, making class adjudication superior to other alternatives, under Fed. R. Civ. P. 23(b)(3)(D).

38.    Plaintiff is not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Rule 23 provides the Court with authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges.

## CAUSES OF ACTION

39.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40.    This suit is based upon the Defendant's violation of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. All causes of action were causes of the damages which Plaintiff has suffered.

### *Count I: Fair Credit Reporting Act*

41.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42.    This suit is brought against Defendant Paramount as the damages which are the basis this suit was caused by its violation of the FCRA.  In all instances of violating the FCRA, Defendant Paramount did so willfully and/or negligently. Under, 15 U.S.C. §1681n

and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney's fees.

15 U.S.C. §1681n, "**Civil Liability for Willful Noncompliance**" reads:

(a)     Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

And, 15 U.S.C. §1681o, "**Civil Liability for Negligent Noncompliance**" reads:

(a )     Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

43.     Plaintiff disputed information regarding the Paramount account on her Experian credit report with a dispute letter to Experian, disputing the fact that Paramount account number MACSPR was from a medical bill incurred while she was under the age of 18 years old and a non-emancipated minor.

44.     Plaintiff received the results from her dispute regarding the Paramount account. Experian verified the Paramount account number MACSPR.

45.     Paramount failed to request the deletion of an account that Plaintiff was never legally responsible for and still continues to report it, all to Plaintiff's great loss and detriment.

46.     Paramount violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable, good faith investigation into Plaintiff's notice of dispute and failing to delete the inaccurate information. After receiving a dispute notice from EXPERIAN, Paramount did not conduct a complete, accurate or reasonable investigation into the disputed information. Paramount should have discovered that the information they are providing the Credit Bureaus was not accurate. For Paramount to be liable under 15 U.S.C. §1681, Plaintiff must dispute the account with EXPERIAN, EXPERIAN then contacts Paramount regarding the dispute and Paramount should conduct a good faith and reasonable "investigation" as well and then provide EXPERIAN with corrected credit data or delete the trade line. The credit data that Paramount is providing EXPERIAN is false, misleading and inaccurate and if Paramount would have conducted a good faith, and reasonable investigation, it would have discovered the inaccurate data.

47.     If PARAMOUNT would have conducted a reasonable good faith investigation, or even looked at its own records, they should have determined that they were reporting an account that was not the legal responsibility of the Plaintiff.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

> (1)     After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
>> (A)     conduct an investigation with respect to the disputed information:

      (B)      review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

      (C)      report the results of the investigation to the consumer reporting agency;

      (D)      <u>if</u> the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

      (E)      if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly

      (i)      modify that item of information
      (ii)      delete that item of information
      (iii)      permanently block the reporting of that item of information

## *Count II: Fair Debt Collection Act*

48.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49.      PARAMOUNT violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and/or the legal status of the alleged debt. PARAMOUNT is reporting an account on Plaintiff's credit profile as if it were legally hers. Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. This account is keeping Plaintiff from obtaining credit.

15 U.S.C. §1692e **"False or Misleading Representation"**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without

limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(2)** The false representation of—
>      **(A)** the character, amount, or legal status of any debt

50.      PARAMOUNT violated 15 U.S.C. §1692e(8) by reporting credit information to EXPERIAN that they knew or should have known to be false. PARAMOUNT reported information that they know or should have known to be false when they reported a debt on the credit profile of a consumer whom did not have the legal capacity to contract for and incur the debt it was reporting on her account.

51.      Plaintiff disputed information regarding the PARAMOUNT account on her Experian credit report with a dispute letter to Experian, disputing the fact that PARAMOUNT account number MACSPR was from a medical bill incurred while she was under the age of 18 years old and a non-emancipated minor.

52.      Plaintiff received the results from her dispute regarding the PARAMOUNT. Experian verified PARAMOUNT account number MACSPR.

53.      PARAMOUNT should have discovered the misleading information if they would have provided a good faith reasonable investigation and corrected the information. They are communicating information they know or should know to be inaccurate.

54.      PARAMOUNT failed to verify the accuracy of the account it was collecting and to even verify if the account was legally Plaintiff's or her parents.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

55.    PARAMOUNT violated Federal Statutes 15 U.S.C. §1692e(10) and 15 U.S.C §1692f.  Defendant falsely and deceptively reporting an account that was not the responsibility of Plaintiff. PARAMOUNT intentionally violated 15 U.S.C. §1692 by false and deceptively reporting the debt that was incurred when Plaintiff was under the age of 18.

56.    The reporting of an account that was not the responsibility of Plaintiff had a huge effect on  Plaintiff's credit score due to the fact that the PARAMOUNT account was placed on Plaintiff's report before she was even able to legally apply for credit.  The conduct of PARAMOUNT through the reporting of a debt that is not the responsibility of Plaintiff and violating multiple Fair Debt Collection laws is an unfair and unconscionable means to collect an alleged debt.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

And;

The section entitled **"Unfair practices"** under 15 U.S.C §1692f reads;

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

57.    The conduct of PARAMOUNT was the direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff and the

class and subclass members for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

58.    As a result of Defendant's conduct, Plaintiff and the class and subclass members have suffered great emotional and mental pain and anguish, and all to their great detriment and loss.

59.    As a result of Defendant's conduct, Plaintiff and the class and subclass members have suffered actual damages and all to their great detriment and loss.

60.    At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

61.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff and the class and subclass members herein.

## DEMAND FOR JURY TRIAL

62.    Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class and Subclass representative, and the undersigned as Class Counsel;

(b)    Awarding Plaintiff and the Class and Subclass statutory damages;

(c)    Awarding Plaintiff and the Class and Subclass actual damages;

(d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)  Awarding pre-judgment interest and post-judgment interest; and

(f)  Awarding Plaintiff and the Class and Subclass such other and further relief as this Court may deem just and proper.

Dated:  December 22, 2020

Respectfully submitted,

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd. Suite 101 #504
Rockwall, Texas 75032
jonathan@geauxlaw.com
Phone 225-412-2777

16